[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This limited contested action for dissolution of marriage was brought to and tried before the Judicial District of New Haven. Based upon the evidence the court finds that the parties were intermarried at Milford, Connecticut on May 3, 1985. There are five minor children issue of the marriage; Samantha Lynch, born December 10, 1986, Francis Lynch, born February 3, 1989, Carla Lynch, born November 20, 1991, Michael Lynch, born September 1, 1995 and Gary Lynch, born December 11, 1997. No other minor children have been born to the wife since the date of the marriage.
The court finds that the marriage between the parties has broken down irretrievably without prospect for reconciliation; therefore, the marriage is dissolved on the grounds of irretrievable breakdown.
The plaintiff wife is thirty-five years of age and is a high school graduate. She is self employed as a day care provider in her home and has been involved in daycare for the last ten years. She presently earns $350.00 per week and in the past she has earned as much as $600.00 per week. She reports that she is in good health.
The defendant husband is forty-two years of age and is a high school CT Page 1070-g graduate. Throughout the marriage he has worked as a carpet salesman. He worked for many employers and the longest time he stayed at one job was thirteen months. The defendant was hospitalized for treatment of substance addiction on three separate occasions in 2000.
The couple purchased a house in 1990 in Ansonia but they were foreclosed out of it within 24 months from its purchase because the husband quit his job and no mortgage payments were made. From 1985 to 1997 the couple experienced marital problems. Until 1997 the plaintiff believed that the marriage was salvageable. In 1997, while the plaintiff was pregnant, the defendant sat on her lower abdomen and restrained her from leaving the couple's bedroom from midnight until 7:00 a.m. The plaintiff thereafter obtained a restraining order against the defendant. The couple separated for approximately five months and then attempted a reconciliation; thereafter, there were incidents of domestic disturbance but the police were not summoned. In August 2000 the defendant was arrested for risk of injury to a minor and a restraining order was issued against him. The plaintiff chose to selectively enforce the restraining order and the defendant was arrested for violating that order on several occasions. The defendant is presently incarcerated because he has not posted the bond set in his criminal case, however he was present throughout the trial of this matter.
The defendant was ordered to pay child support pendente lite in the amount of $50.00 per week and there is an arrearage of $1,000.00 as of January 12, 2001 on that order.
The parties received a joint tax refund prior to July, 2000 in the amount of approximately $2,600.00 which the plaintiff deposited into a joint account. In July of 2000 she purchased a 1989 Ford Taurus station wagon which she titled in her name alone. The plaintiff uses this vehicle when transporting the children. Prior to April 2000, the defendant borrowed money from a friend to buy a 1987 Lincoln Town Car. This vehicle was titled in the plaintiff's name; however, it was driven primarily by the defendant. This vehicle was parked at the house belonging to the defendant's mother. On December 20, 2000, the plaintiff took possession of the Lincoln Town Car so that she could cancel the insurance on it.
The defendant's father, eleven years ago, gave the couple land in Myrtle Beach/Conway, South Carolina. This property is held in the names of both parties and they have valued the land at $25,000.
Prior to his incarceration the defendant was earning $17.50 per hour and was working between 36 and 40 hours per week. The court declines to CT Page 1070-h make a finding of the defendant's present earning capacity. The court takes this action because the date of the defendant's release from incarceration is not known; furthermore, his recent treatment for substance addiction and the outcome of the criminal proceedings against him may affect his employability and the amount he will be able to earn if he becomes employed. The court expects that the plaintiff will file a motion for post judgment modification of alimony and child support after the defendant is released.
The defendant is to notify the plaintiff's attorney of his release from incarceration within five days of his release. Furthermore, the defendant is to notify the plaintiff's attorney of the details of his employment including the amount of his earnings within five days of becoming employed. If the defendant is not employed within a reasonable time after his release the plaintiff may bring the matter to the attention of the court by way of a post judgment motion for modification.
The defendant does receive teamster survivor benefits in the net amount of $54.72 per week. The child support hereinafter ordered is based upon a deviation under § 46b-215a-3(b)(1) from the presumptive support amount. Specifically the court finds that the defendant has financial resources available to him since, while incarcerated, he has no living expenses.
Based upon the evidence the court concludes that the actions of the defendant were a cause of the breakdown of this marriage. The court has carefully considered the provisions of General Statutes § 46b-81, and § 46b-82 as well as § 46b-56 and has also considered the exhibits, the testimony and demeanor of the witnesses.
 ORDERS
1. Sole custody of the minor children is awarded to the plaintiff and the defendant shall have no rights of visitation unless by further order of the court.
2. The restraining order against the defendant dated December 20, 2000 is continued until modified by the court for good cause shown.
3. The defendant is to pay child support in the amount of $30.00 per week and he is ordered to make payments of $5.00 per week on the pendent lite child support arrearage.
4. The defendant is ordered to pay to the plaintiff $1.00 per year as CT Page 1070-i alimony.
5. The defendant is ordered to transfer his interest in the Myrtle Beach/Conway South Carolina property to the plaintiff.
6. The plaintiff is to retain the 1989 Ford Taurus station wagon in her possession.
7. The plaintiff is ordered to transfer to the defendant or his nominee the 1987 Lincoln Town Car.
8. The orders entered by the court (Alander, J.) on January 16, 2001 upon a stipulation between the plaintiff and the third party defendant are incorporated by reference herein.
9. The plaintiff and the defendant shall be equally responsible for the bills for the plaintiff's medical treatment shown on the plaintiff's financial affidavit.
10. The plaintiff shall be entitled to claim the two youngest children as dependents and the defendant shall be entitled to claim the three oldest children as dependents.
11. The defendant shall be entitled to receive the following items of personal property:
a. the clocks in the possession of the plaintiff;
b. the flag formally owned by the defendant's father.
12. Each party is responsible for their own counsel fees.
Domnarski, J.
CT Page 1071